SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATE A. ROCHAT, OSB #184324**
Assistant United States Attorney
Kate.Rochat@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00389-SI** |
| **v.** | **MOTION FOR COMPETENCY HEARING** |
| **DIEDRICH HOLGATE,** | |
| **Defendant.** | |

The government moves for a competency hearing under 18 U.S.C. § 4241 to determine if the defendant, Diedrich Holgate, is suffering from a mental disease or defect rendering him mentally incompetent.

### A. PROCEDURE

On July 28, 2025, Diedrich Holgate was convicted of a violation of 18 U.S.C. § 875(c), Communicating a Threat in Interstate Commerce, and was sentenced to 18 months in custody, to be followed by 3 years of supervised release. ECF 21. On January 21, 2026, the defendant began his supervised release term. On March 9, 2026, this Court issued a warrant for the defendant

**Motion For Competency Hearing** **Page 1**

based on a supervised release violation petition. ECF 33. The defendant had his initial appearance on March 11, 2026, and was ordered detained. ECF 36.

## B. FACTS

The defendant has a history of mental health issues and an extensive criminal record.[1] Since the defendant commenced his period of supervised release on January 21, 2026, his erratic behavior suggests that he may no longer be competent to assist properly in his defense.

During the defendant's initial appearance on March 11, 2026, he indicated that he would like to fire his current counsel and proceed with hybrid or standby counsel. He elected to speak and made comments to the Court that, among other things, he believed that he had the right to kill the president and had the right to use deadly force. The Court appointed the defendant additional counsel with whom to consult and set a preliminary hearing for March 19, 2026. ECF 38.

## C. APPLICABLE STANDARD

Pursuant to 18 U.S.C. § 4241, at any time after the commencement of probation of supervised release and prior to the completion of the sentence, the government may file a motion for a hearing to determine the mental competency of the defendant. The Court shall grant the motion if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetence to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

---

[1] See https://www.statesman.com/story/news/local/flash-briefing/2019/06/20/competency-issue-leads-to-mistrial-for-man-accused-of-threatening-travis-judges/4864026007/

In determining whether a trial court should hold a competency hearing, the Ninth Circuit reviews weather a "reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." *United States v. Marks*, 530 F.3d 799, 814 (9th Cir. 2008) (citations and quotations omitted). The Court may consider the defendant's medical history and his behavior in and out of courtroom when considering whether to order a competency hearing. *United States v. Garza*, 751 F.3d 1130, 1134 (9th Cir. 2014).

**D. ARGUMENT**

The government submits that the Court has a sufficient basis to find there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent. 18 U.S.C. § 4241(a). The defendant's history of competency issues and erratic behavior and statements in court constitute reasonable cause to believe that the defendant may be mentally incompetent. Accordingly, the government believes that the Court should order a mental competency hearing under 18 U.S.C. § 4241(a) and may subsequently order that a psychiatric or psychological examination be conducted under 18 U.S.C. § 4247(b).

**E. CONCLUSION**

The Court should order a mental competency hearing and may subsequently order that a psychiatric or psychological examination be conducted of the defendant.

Dated: March 18, 2026          Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Kate A. Rochat*
KATE A. ROCHAT, OSB #184324
Assistant United States Attorney